## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| Chauncey A. Williams, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14cv683 (TSE/IDD) |
| | ) | |
| James E. Parks, et al., | ) | |
|     Defendants. | ) | |

## MEMORANDUM OPINION

Chauncey A. Williams, a Virginia inmate proceeding pro se, has filed a civil rights

action, pursuant to 42 U.S.C. § 1983, alleging that defendants have violated his right to be free of

endangerment and have shown deliberate indifference to his serious medical needs. Plaintiff has

applied to proceed in forma pauperis in this action. After reviewing plaintiff's amended

complaint, the claims against the defendants must be dismissed pursuant to 28 U.S.C.

§ 1915A(b)(1) for failure to state a claim.[1] Also pending before the Court is plaintiff's "Motion

for Addendum," which will be denied, without prejudice to plaintiff's ability to bring his

allegations in a separate lawsuit.

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any
> event, as soon as practicable after docketing, a complaint in a civil action in which
> a prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.

> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the
> complaint—
> > (1) is frivolous, malicious, or fails to state a claim upon which
> > relief can be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief

# I. Background

On May 29, 2014, plaintiff, an inmate at Sussex II State Prison ("Sussex") filed a complaint alleging that the defendants violated his right to be free from endangerment by returning him to Housing Unit 4-C, where he previously had been attacked. See Compl. 4. He stated that "miscreant activity" occurred on four more occasions after being returned to Housing Unit 4-C. Id. Plaintiff attached several exhibits to his original complaint, which consisted of various administrative grievances submitted to prison officials. See id. Ex. None of these exhibits, however, related to the alleged attack. See id. (consisting of grievances surrounding health and sanitary complaints, lack of toilet paper, and lack of access to the law library). By Order dated August 19, 2014, the Court directed plaintiff to particularize and amend his complaint, to allege specific facts stating a claim against the defendants.

On September 18, 2014, Plaintiff submitted his amended complaint. Dkt. 9. In it, he makes several new allegations against the defendants, including that the defendants were engaged in "gerrymandering within classification, to prevent plaintiff/litigant's security level to prevent, or protect plaintiff/litigant, from imminent harm, or risk to future danger." Am. Compl. 2. He also alleges that defendants failed to investigate "a plethora of inconsistencies in management practices at Sussex II, including Due Process and Offender services[, including] (A) Request for indigent services . . .; (B) Reasonable Safety; (C) Deliberate Indifference/Medical Needs." Id. 4. Plaintiff also adds three new defendants to his complaint, alleging that these defendants showed "willful blindness" to the conditions of his confinement, his institutional classification level, and his medical needs. See id. 9-10. Because plaintiff has not alleged any additional specific facts supporting his original claim of endangerment, and has attempted to add

several other unrelated claims to his lawsuit, his complaint must be dismissed under 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). To survive a 12(b)(6) motion, and thus state a claim under § 1915A(b)(1), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id. at 678, and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

## III. Analysis

A. Endangerment

Plaintiff's original complaint alleged that defendants were violating his right to be free of endangerment in violation of the Eighth Amendment. To state a claim under § 1983 for endangerment properly, a plaintiff must show: (1) that he suffered "serious or significant

3

physical or emotional injury" as a result of the defendants' actions, De'Lonta v. Angelone, 330

F.3d 630, 634 (4th Cir. 2003); and (2) that prison officials acted with a "sufficiently culpable

state of mind," Farmer v. Brennan, 511 U.S. 825, 834 (1994). To possess a "sufficiently

culpable state of mind," prison officials must act with "deliberate indifference" to an inmate's

health or safety. See id at 834. A prison official shows deliberate indifference if he "knows of

and disregards an excessive risk to inmate health or safety." Id. at 837.

In its August 19, 2014 Order, the Court allowed plaintiff an opportunity to particularize

and amend his complaint to allege facts showing how the defendants actually harmed him, or, in

the alternative, why they should be liable as supervisors. In his amended complaint, plaintiff

alleges that, on several occasions, he informed defendant Parks, supervisor of Offender

Management Services, of "gerrymandering within [his classification level]," and informed Parks

of the risk of harm resulting from his current classification. See Am. Compl. 2. He then states

that Parks' response was "inadequate, amounting to, a level of deliberate indifference." Id.

Plaintiff fails to state specifically how Parks' response constituted deliberate indifference.

Plaintiff has also referenced several administrative grievance forms, but has not attached them to

his complaint. Similarly, plaintiff alleges that he was stabbed due to "laxity resulting from the

inaction of [defendants Vargo and Jordan], [in] not reporting, or even documenting [prior fights

in Housing Unit 4-C]." Id. 3.

Although plaintiff does not attach any grievances to support his allegations, and does not

describe what specifically happened during any attack mentioned in his complaint, he does

reference exhibits attached to an earlier case before the Court, 1:13cv823 (TSE/IDD), in which

plaintiff made similar allegations of deliberate indifference based on his improper classification

level and one or more attacks by other inmates in 2013. See Compl., 1:13cv823, at Handwritten

pp. 5, 15. The Court takes judicial notice of this prior record, pursuant to Federal Rule of Evidence 201. Judicial notice is particularly applicable in this case, as the record of prior litigation is closely related to the matter currently under consideration. See Lolavar v. De Santibanes, 430 F.3d 221, 224 n.2 (4th Cir. 2005). In his previous lawsuit, he stated that one of the attacks occurred on June 15, 2013, three days after he requested to speak to the Mental Health Department about the behavior of his cell-mate, and that staff's failure to respond to his request constituted deliberate indifference. See Compl., 1:13cv823 (TSE/IDD), at Handwritten p. 6; Ex. E.

However, plaintiff's previous exhibits fail to state a claim for endangerment. Plaintiff's own exhibit shows that, on June 12, 2013, plaintiff submitted a request to have a "face-to-face meeting" with his social worker, "to help Offender Williams co-existance [sic] at [Sussex II]." Id. Ex. E. He stated that he was making his request for a second time. His social worker responded on June 18, 2013, stating, "I only received one request but my apologies for not getting to you sooner. There are a couple names ahead of yours. Hope our session helped yesterday." Id. Thus, it appears that plaintiff met with his social worker, defendant Jordan, on June 17, 2013, two days after he was allegedly attacked by another inmate. Plaintiff does not state what injuries he suffered as a result of the attack. Plaintiff's own evidence shows that his social worker responded to his requests in a timely manner and met with him at least once after the attack.[2] Defendant Jordan's actions show that she did not show deliberate indifference to

---

[2] In his earlier complaint, plaintiff also made reference to being attacked on March 12, 2013, and May 30, 2013. See Compl., 1:13cv823 (TSE/IDD), at Handwritten p. 15. Plaintiff does not provide any additional information about these attacks, such as when they occurred, who was involved, and if he informed staff about them. He has thus not provided enough information by which the Court could find that the defendants violated his right to be free of endangerment.

plaintiff. Plaintiff's claim of endangerment must be dismissed, pursuant to 28 U.S.C.
§ 1915A(b)(1).

Plaintiff has also failed to show that defendants Parks and Vargo can be liable as supervisors. He states that Parks "has allowed supervisors of the Offender Management Service and Classification Board to be aware of 'de facto' gerrymandering with classification . . . ." Amend. Compl. 2. He states that Parks' response to this knowledge was "inadequate amounting to, [sic] a level of deliberate indifference, the affirmative causal link, between Mr. Parks, inaction, and the particular Constitutional injury suffered by the plaintiff/litigant." Id. Plaintiff makes similar allegations against defendant Vargo. Plaintiff has not supported these conclusory statements by any factual allegations or additional information. Thus, plaintiff's statements fail to provide enough information to hold defendants Parks and Vargo liable as supervisors. His claims against them must be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1).

B.  Additional Allegations

Plaintiff devotes much of his amended complaint to other alleged Eighth Amendment violations, such as the failure on the part of the defendants to provide medical treatment, soap, toothpaste, and legal materials. See, e.g., Am. Compl. 4. Plaintiff appears to allege that the conditions of his confinement violate the Eighth Amendment, and that the defendants have known about these conditions since at least March 2013. Id. 4-5. These allegations appear to relate to the exhibits attached to plaintiff's original complaint, and also to exhibits filed in plaintiff's previous lawsuit, 1:13cv823 (TSE/IDD). However, plaintiff also names new defendants, including the Warden of Nottoway Correctional Center, not named in his original complaint, see id. 9-10,[3] and alleges that medical staff showed deliberate indifference to his

---

[3] Plaintiff's earlier lawsuit, 1:13cv823 (TSE/IDD), involved Nottoway Correctional Center.

medical needs, see id. 11. Plaintiff's "Motion for Addendum" also makes arguments of Eighth

Amendment and Fourteenth Amendment violations. See Mot. for Addendum, at 1, Ex. 2, 10-14.

Plaintiff's allegations are unrelated to plaintiff's original claim in this lawsuit, and thus

must be dismissed for misjoinder, pursuant to Federal Rule of Civil Procedure 20. Federal Rule

of Civil Procedure 18(a) provides that "[a] party asserting a claim . . . may join, as independent

or alternative claims, as many claims at it has against an opposing party." When joining multiple

claims against multiple defendants, however, plaintiff must also satisfy Federal Rule of Civil

Procedure 20, which states:

> (2) **Defendants.** Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally,
> or in the alternative with respect to or arising out of the same
> transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise
> in the action.

"Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present []

entirely different factual and legal issues." Sykes v. Bayer Pharmaceutical Corp., 548 F. Supp.

2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting Lovelace v. Lee, 2007 WL

3069660, at *1 (W.D. Va. Oct. 21, 2007)). Thus, plaintiff is not permitted to bring claims

against the defendants that are completely unrelated to the claims raised in his original

complaint.

As the allegations in plaintiff's amended complaint and Motion for Addendum arise out

of a different transaction or occurrence than the allegation in his original complaint, and as the

allegations raise completely unrelated legal and factual issues, plaintiff's new claims must be

dismissed, as misjoined under Rule 20. This dismissal is without prejudice to plaintiff's ability

to bring these claims in a separate lawsuit.

Therefore, this complaint will be dismissed, pursuant to § 1915A(b)(1), for failure to state a claim, and plaintiff's Motion for an Addendum will be denied. An appropriate Order and Judgment will issue.

Entered this _____ 1st _____ day of _____ December _____ 2014.

Alexandria, Virginia

/s/

T. S. Ellis, III
United States District Judge